UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HAYES MCNEILL & PARTNERS LTD., in its capacity as Court Appointed Receiver-Manager of MORRISS PRINTING SYSTEMS, LTD., <br>     Plaintiff/Counterclaim-Defendant, <br> vs. <br> AUTHOR SOLUTIONS INC., <br>     Defendant/Counterclaim-Plaintiff. | 1:10-cv-1130-RLY-MJD |

**ENTRY ON HAYES'S MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff/Counter-Defendant Hayes McNeill & Partners Ltd. ("Hayes"), moves to dismiss the Amended Counterclaims filed by Defendant/Counter-Plaintiff Author Solutions, Inc. ("ASI"), with respect to Counts I, II, and III. For the reasons set forth below, the motion to dismiss is **GRANTED in part** and **DENIED in part**.

**I.  Background**

Hayes is an entity of British Columbia, serving as the court-appointed receiver-manager of Morriss Printing Systems, Ltd. ("Morriss"). (Am. Counterclaim ¶ 2). ASI is a corporation located in Bloomington, Indiana, and regularly engages in business with Morriss. (*Id.* ¶ 1, 5).

### A. Pre-receivership

Prior to Hayes's appointment as its receiver, Morriss provided printing and distribution services in the United States and United Kingdom of ASI books. (*Id.* ¶ 5; Complaint ¶ 7). On May 28, 2009, ASI agreed to prepay Morriss $40,000.00 every two weeks, continuing for a period of three months, and ASI's prepayments would be credited against future invoices for printing services. (Am. Counterclaim ¶ 7). In addition, ASI advanced an interest-free loan to Morriss for $100,000.00, which Morriss agreed to repay by providing ASI a ten cent per unit discount for printing services. (*Id.* ¶ 8).

On August 25, 2009, Morriss and ASI executed another loan agreement ("Agreement"), where ASI agreed to advance up to $125,000.00 to Morriss, which Morriss would pay back by making nine consecutive monthly payments beginning on January 1, 2010. (*Id.* ¶ 10). Morriss executed a promissory note to pay ASI $100,000, in accordance with the terms of the Agreement.[1] (*Id.* ¶ 11; Ex. A). The Agreement contained a clause wherein Morriss represented that "no lawsuits, claims, proceedings or investigations [were] pending or threatened by or against or affecting Morriss or any of its . . . assets, operations or business or which could adversely affect the transactions contemplated by this Agreement." (Am. Counterclaim ¶ 12; Ex. A). Morriss did not disclose to ASI that it was having financial difficulty and on the verge of receivership.

---

[1] The court notes that there is a discrepancy between the loan amount alleged in ASI's Amended Counterclaim – $125,000.00 – and the amount indicated on the promissory note – $100,000.00.

(Am. Counterclaim ¶ 14). On September 29, 2009, ASI made a $125,000 loan to Morriss pursuant to the terms of the Agreement. (*Id.* ¶ 15).

### B. Post-Receivership

On November 10, 2009, Morriss was placed in receivership, and Hayes was appointed as the receiver-manager of Morriss. (*Id.* ¶ 6; Complaint ¶ 6). Subsequently, ASI agreed to pay Hayes for services provided by Morriss. (Complaint ¶ 8). While Hayes acted in the capacity of Morriss's receiver, ASI continued to receive the ten cent discount for printing services. (Amended Counterclaim ¶ 17). Late in 2009, Morriss informed ASI that it wished to transfer the printing services contract that existed between Morriss and ASI to Edward Bros., and that ASI execute a new contract with Edward Bros. (*Id.* ¶ 18). ASI's consent was required to transfer the printing services contract, and, as consideration for the transfer, Morriss's CEO and CFO agreed to continue the preexisting arrangement of using the ten cent discount against future printing costs. (*Id.* ¶¶ 18-19). ASI agreed to the transfer. (*Id.* ¶ 20).

On September 8, 2010, Hayes, acting in its capacity as the receiver of Morriss, filed the underlying lawsuit against ASI seeking to recover $328,035.35, in unpaid invoices for printing services performed by Morriss arising after Hayes was appointed receiver. (*Id.* ¶ 21; Complaint ¶ 11-14). On November 1, 2010, ASI filed the instant counterclaim for fraud (Count I), constructive fraud (Count II), and breach of contract (Count III), alleging that Morriss failed to recognize the $40,000.00 loan as a prepayment for printing services, and failed to honor the ten cent discount on printing services as

agreed upon in the Agreement. (Amended Counterclaim ¶ 46-52). On January 6, 2010, Hayes filed a motion to dismiss ASI's counterclaims. On July 6, 2011, ASI filed an Amended Counterclaim, which added a claim for unjust enrichment (Count IV). Hayes's re-filed its original motion to dismiss, and did not include arguments directed toward the unjust enrichment claim contained in Count IV.

## II.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the court takes all well-pleaded allegations in the counterclaim as true and draws all reasonable inferences in favor of the non-movant. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). The factual allegations contained in the counterclaim "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the counterclaim must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). The court may consider exhibits attached to the counterclaim as part of the pleadings. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988).

## III.    Discussion

### A.     Fraud and Constructive Fraud

Both fraud and constructive fraud require a showing that the fraud feasor made a material misrepresentation of past or existing fact. *Heyser v. Noble Roman's Inc.*, 933

4

N.E.2d 16, 19 (Ind. Ct. App. 2010) (citing *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 319 (Ind. Ct. App. 1991)). Hayes argues that ASI fails to state a claim for fraud and constructive fraud because ASI does not allege that Hayes made any false representations. Rather, ASI's fraud and constructive fraud claims are based upon Morriss's alleged misrepresentation regarding its financial stability, which induced ASI to consent to the Agreement and provide a loan to Morriss. Notably, this transaction occurred prior to Morriss being placed into receivership.

Hayes is correct to the extent it argues that a receiver can only be held personally liable for its own acts. *See, e.g., Keybank Nat. Ass'n v. Shipley*, 846 N.E.2d 290, 296 (7th Cir. 2006) (citations omitted). ASI's claim, however, is not brought against Hayes in its individual capacity. Instead, ASI brings its counterclaims against Hayes in its representative capacity as Morriss's receiver. A receiver, as representative of an insolvent entity, stands in the shoes of the entity, and "'takes the trust property impressed with the then legal or equitable rights of [the corporation's] creditors.'" *KeyBank Nat. Ass'n v. Michael*, 737 N.E.2d 834, 849 (7th Cir. 2000) (quoting *Louden v. B.F. Goodrich Co.*, 185 N.E. 669, 672 (Ind. Ct. App. 1933)). Such legal and equitable rights include any pre-receivership torts that may have been committed by the company. *Martin v. Forrey*, 193 N.E. 679, 680-81 (Ind. Ct. App. 1935). The policy reason behind such a rule is that the victim of an alleged pre-receivership tort would have no recourse since the company in receivership does not have control of its assets. *See id.* At 681. Thus, "[t]he receiver is named defendant because he has the custody of the assets and stands in the place of the

officials of the corporation." *Id.* (citation omitted).

Accordingly, the court finds that ASI states a valid counterclaim against Hayes, in its capacity as receiver of Morriss, for fraud and constructive fraud, and **DENIES** Hayes's motion with respect to Counts I and II.

### B. Breach of Contract

Hayes argues that ASI fails to state a claim for breach of contract, because a pre-receivership claim cannot be set off against the underlying claim brought by Hayes for post-receivership work. In support of this proposition, Hayes cites to *Hammond v. Heitman*, 47 N.E.2d 309 (Ind. 1943), where an insolvent bank was placed into receivership, and Heitman was appointed its receiver. *Id.* at 311. Heitman brought suit against Hammond, a creditor of the bank, on two bonds held by Hammond. *Id.* at 310. Hammond filed a cross-complaint against Heitman, seeking specific performance of a pre-receivership contract between Hammond and the bank, in order to set-off against the underlying claim brought by Heitman. *Id.* The Indiana Supreme Court held that Hammond's claim against the bank could "not be set off against a claim which the receiver subsequently acquires against such party." *Id.* at 312 (citation omitted). In other words, a creditor's claim that arises against an entity, prior to that entity being placed in receivership, may not be set off against a claim arising post-receivership by the receiver against a creditor. The Court based its holding on the general principle that "in order for one claim to be set off against the other there must be mutuality." *Id.* In *Hammond*, no mutuality existed because the two claims were not demands of the same parties, nor held

6

in the same capacity or character. *Id.* (citations omitted).

ASI argues that *Hammond* is inapplicable because ASI's claim is based on the post-receivership agreement between ASI and Morriss, where Morriss allegedly agreed to continue applying the pre-receivership credits to ASI as consideration for Morriss's sale of the printing services contract. Contrary to ASI's assertion, ASI's breach of contract claim is actually premised on the repayment of Morriss's pre-receivership debts owed to ASI through credits, discounts on printing services, and monthly payments. Not only is the record absent of any post-receivership agreement between ASI and Morriss to continue applying the pre-receivership credits, but the alleged agreement would not be valid. At the time of the alleged agreement between ASI and Morriss, Hayes was the receiver of Morriss, and, thus, held the sole legal capacity to contract on behalf of Morriss. Therefore, the court must conclude that no post-receivership agreement existed between Hayes and ASI to provide credits for printing services rendered during the course of receivership. Thus, ASI is actually seeking to set-off Morriss's pre-receivership debts against Hayes's underlying claim to recover unpaid invoices for post-receivership work.

Here, like in *Hammond*, ASI is not entitled to a set-off because its breach of contract claim lacks mutuality with Hayes's claim. ASI brings its breach of contract claim against Morriss for failure to properly repay its pre-receivership loan obligations to ASI, whereas Hayes brings its breach of contract claim against ASI for unpaid invoices incurred after Morriss was placed in receivership. Furthermore, as discussed in the

7

preceding section, the rights of the parties are fixed once a receiver is appointed, and, thus, "the right of either [party] to set-off is governed by the state of things existing at that moment." *Id.* Thus, ASI also may not set-off Morriss's pre-receivership debt against Hayes's claim for money owed for work performed after it was named Morriss's receiver. *See id.*

Accordingly, Hayes's motion to dismiss is **GRANTED** with respect to ASI's breach of contract claim (Count III).

## IV. Conclusion

For the reasons set forth above, Hayes's motion to dismiss ASI's counterclaims is **GRANTED in part** and **DENIED in part**. Hayes's motion is **GRANTED** with respect to Count III, and **DENIED** with respect to Counts I and II. ASI's unjust enrichment claim (Count IV) is unaffected by this entry.

**SO ORDERED** this 21st day of March 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

David C. Campbell
BINGHAM GREENEBAUM DOLL LLP
dcampbell@bgdlegal.com

Brian Scott Jones
BOSE MCKINNEY & EVANS, LLP
b.jones@boselaw.com

Kathleen Rudis
BINGHAM MCHALE LLP
krudis@binghammchale.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com